884 F.2d 1398
 13 U.S.P.Q.2d 1250
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DR. Jerre M. FREEMAN, Plaintiff-Appellant,
v.
MINNESOTA MINING & MANUFACTURING COMPANY, Defendant/Cross-Appellant.
 Nos. 89-1020, 89-1021.
 United States Court of Appeals, Federal Circuit.
 Aug. 4, 1989.
Rehearing Denied Sept. 30, 1989.
Suggestion for Rehearing In Banc Declined Oct. 25, 1989.
 
 Before FRIEDMAN, RICH and MICHEL, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The judgment of the United States District Court for the District of Delaware is affirmed insofar as it held that the claims of the appellant's Reissue Patent No. 31,640 here at issue were not infringed by the appellee Minnesota Mining & Manufacturing Company (3M)'s products and denied 3M attorney fees, and is vacated insofar as it held that those claims are invalid.
 
 OPINION
 
 2
 * The patent claims an intraocular lens that is surgically implanted in the human eye after the eye's natural lens affected with cataract has been removed.
 
 
 3
 The implanted device consists of an artificial lens and attached posts or threads that are used to attach the lens to the eye and hold the lens in place. The claim limitations at issue in this case relate to the weight and buoyancy of the implant, described in relation to the density of a liquid in the eye known as aqueous humor.
 
 
 4
 The claims of the original patent specified that the "intraocular lens device" include
 
 
 5
 buoyancy means external of and attached to said optical lens having a mean density less than the density of said aqueous humor ... for reducing the overall mean density of said lens device to substantially that of said aqueous humor.
 
 
 6
 The reissued patent added broadened claims that contain the limitation that there be a "buoyancy" or "support means," the "density" of which is "less than the density of the aqueous humor of the eye," "for providing at least a degree of buoyant uplift to said optical lens when said intraocular lens device is implanted into the human eye." The reissue patent also included the claims in the original patent described above.
 
 
 7
 After trial, in a lengthy opinion, the district court held that (1) the appellant had not proved infringement, (2) 3M had shown by clear and convincing evidence that overcame the presumption of validity that all the claims at issue would have been obvious and that one of them also was anticipated by a prior patent, and (3) that 3M was not entitled to attorney fees because "this suit was not frivolous and that exceptional circumstances were not present." Freeman v. Minnesota Mining & Mfg. Co., 693 F.Supp. 134, 156, 9 USPQ2d 1111, 1130-31 (D.Del.1988).
 
 II
 
 8
 A. The appellant argues that the district court's finding of noninfringement was based upon a misinterpretation of the claims.
 
 
 9
 The district court construed the limitation in the original patent claims that the "buoyancy means 'reduc[e] the overall mean density of said lens device to substantially that of said aqueous humor' " to "require[ ] reducing the density to close to neutral buoyancy, thus creating a condition wherein the lens would weigh near zero in aqueous humor." Freeman, 693 F.2d at 141, 9 USPQ2d at 1118. The court construed the limitation in the reissue patent claims "at least a degree of buoyant uplift for the optical lens when the intraocular lens is implanted into the human eye" to mean that " 'buoyant uplift' requires at least neutral buoyancy." 693 F.2d at 144, 9 USPQ2d at 1121. The court thus interpreted the broadened reissue claims to cover implants whose combined weight in aqueous humor was either near zero or less than zero, i.e., they would float.
 
 
 10
 The appellant contends that the limitation "a degree of buoyant uplift" is satisfied if the support means itself (as distinguished from the entire intraocular implant) is buoyant in aqueous humor, thereby imparting a "degree of buoyant uplift" to the lens and making the implant lighter than the lens by even the smallest degree.
 
 
 11
 In rejecting this interpretation of the claims, the district court relied upon the specification, the prosecution history of both the original patent and the reissue, and the expert testimony. Based upon all of this evidence, including the testimony of 3M's experts (which the court credited), the court concluded that the claims were limited to implants that were at least neutrally buoyant in aqueous humor.
 
 
 12
 We cannot say that that conclusion was erroneous or that the court's finding of no infringement, based upon its interpretation of the claims, was clearly erroneous.
 
 
 13
 The appellant argues that in construing the claims, the district court improperly relied (among other factors) upon the examiner's understanding, based upon the prosecution history, that the contested language of the claims had the meaning that the court subsequently ascribed to it. The examiner understood "buoyant uplift" to mean providing at least some actual uplift to the otherwise sinking lens device when the implant is placed in the eye, and allowed the claims based upon that understanding.
 
 
 14
 The appellant was aware that the examiner proposed to allow the claims on the basis of that interpretation. His acceptance of the patent in these circumstances "precludes" him "from obtaining claim construction that would resurrect subject matter surrendered during prosecution of his application." Hughes Aircraft Co. v. United States, 717 F.2d 1351, 1362, 219 USPQ 473, 481 (Fed.Cir.1983).
 
 
 15
 The appellant contends that 37 C.F.R. Sec. 1.109 precludes use of an examiner's construction of the claim as evidence of the proper scope of that claim. That section authorizes an examiner to state the reasons for allowance, particularly where, as here, "the prosecution as a whole does not make clear his or her reasons for allowing the claim or claims."
 
 
 16
 The appellant relies on the last two sentences of that section, which authorize the applicant to comment in writing "on the [examiner's stated] reasons for allowance," and provide that "[f]ailure to file such a statement shall not give rise to any implication that the applicant or patent owner agrees with or acquiesces in the reasoning of the examiner." We do not read these provisions, however, as precluding a court in construing a claim from giving some weight to the examiner's interpretation that was the basis upon which the examiner allowed the claim.
 
 
 17
 B. Since our affirmance of the district court's interpretation of the claims results in affirmance of the court's findings of noninfringement, there is no occasion for us to review the district court's conclusion that the patent claims are invalid. Accordingly, the portion of the district court's judgment that adjudicated the claims invalid is vacated. Cf. Vieau v. Japax, Inc., 823 F.2d 1510, 1513-14, 1517, 3 USPQ2d 1094, 1097, 1100 (Fed.Cir.1987). See also, On Simplifying Patent Trials, 116 F.R.D. 369 (1987) (Chief Judge Markey).
 
 III
 
 18
 The cross-appeal challenges the district court's refusal to award attorney fees to 3M based on the court's finding that this is not an exceptional case under 35 U.S.C. Sec. 285.
 
 
 19
 "An award of attorney's fees is reviewed under the abuse of discretion standard." Hycor Corp. v. Schlueter Co., 740 F.2d 1529, 1540, 222 USPQ 553, 562 (Fed.Cir.1984). Although we have affirmed the district court's finding of noninfringement, neither this suit nor the appeal was frivolous or so lacking in merit as to make this an exceptional case. The district court did not abuse its discretion in denying 3M attorney fees. We also reject the appellant's contention that 3M's cross-appeal on the attorney fees itself was frivolous and that the appellant therefore is entitled to the attorney fees incurred in defending against the cross-appeal.